O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4267 AHM (AGRx) | Date | March 1, 2010 |
|---|---|---|---|

| Title | JOHN G. FINTLAND, et al. v. LUXURY MARINE GROUP, LLC, et al. |
|---|---|

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

On December 28, 2009, Defendant James Clayton ("Clayton") filed a Motion for Leave to file a Second Amended Counterclaim (SACC).[1] Plaintiffs oppose the Motion. Specifically, Plaintiffs argue that Clayton's proposed counterclaims are barred by the "litigation privilege," and that they otherwise fail to state a claim under Rule 12(b)(6) and 9(b). Because the Court agrees with Plaintiffs that the proposed amendment would be futile, the Court DENIES Clayton's Motion.[2]

## I.   LEGAL STANDARDS ON A MOTION FOR LEAVE TO AMEND

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend a previously amended pleading "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). The Rule further provides that "leave [to amend] shall be freely given when justice so requires." *Id.* "Under Rule 15(a), courts are cautioned to apply the policy of free amendment of pleadings with extreme liberality." *SAES Getters S.P.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). "Though the decision to grant or deny a motion for leave to amend is governed by the district court's discretion,

---

[1] Clayton filed a First Amended Counterclaim ("FACC") on November 24, 2009. Today, the Court issued an order striking Clayton's claim in the FACC for declaratory relief under California's anti-SLAPP statute, and dismissing the remaining claims in the FACC for failure to state a claim.

[2] Docket No. 70

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4267 AHM (AGRx) | Date | March 1, 2010 |
|---|---|---|---|
| Title | JOHN G. FINTLAND, et al. v. LUXURY MARINE GROUP, LLC, et al. | | |

the general rule is that amendment of pleadings is to be permitted unless the opposing party makes a showing of undue delay, bad faith, undue prejudice, or futility of amendment on the part of the moving party." *Id.* at 1086-87(citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"The four factors are generally not accorded equal weight; a showing of delay alone, for example, usually will not justify denial of leave to amend." *Id.* (citing *DCD Programs, Ltd.*, 833 F.2d at 186). "The factors are fairly self-explanatory, but have evolved in the case law as follows. To show undue delay, the opposing party must at least show delay past the point of initiation of discovery; even after that time, courts will permit amendment provided the moving party has a reasonable explanation for the delay." *Id.* (citations omitted). "[C]ourts have understood ['bad faith'] to mean such tactics as, for example, seeking to add a defendant merely to destroy diversity jurisdiction." *Id.* (citation omitted). "'Undue prejudice' means substantial prejudice or substantial negative effect; the Ninth Circuit has found such substantial prejudice where the claims sought to be added 'would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.'" *Id.* (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

"Finally, an amendment is 'futile' only if it would clearly be subject to dismissal." *Id.* (citing *DCD Programs, Ltd.*, 833 F.2d at 188; *Moore v. Kayport Package Express*, 885 F.2d 531, 542 (9th Cir. 1989)). "While courts will determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule 12(b)(6) motion, *see Miller v. Rykoff- Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend." *Id.* (citing William W. Schwarzer, *et al.*, CAL. PRAC. GUIDE: FED. CIV. PROC. BEFORE TRIAL § 8:422).

## II. DISCUSSION

Plaintiffs argue that granting Clayton leave to amend would be futile because the proposed claims would clearly be subject to dismissal for failure to state a claim under Rule 12(b)(6) and failure to meet the heightened pleading requirements of Rule 9(b). The Court agrees that all claims in the proposed SACC would clearly be subject to dismissal.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4267 AHM (AGRx) | Date | March 1, 2010 |
|---|---|---|---|
| Title | JOHN G. FINTLAND, et al. v. LUXURY MARINE GROUP, LLC, et al. | | |

      The crux of the fraud claim in the SACC, like the one in the FACC, is that the Fintlands conspired with Wheble to fraudulently obtain money from Clayton and "Lenders" and to obtain an unlawful tax advantage.  (Proposed SACC ("SACC") ¶ 15.) Clayton describes the "fraud" as follows:

- Plaintiffs and Wheble provided Clayton with a fake version of the Purchase Agreement for the Vessel (SACC ¶¶ 17-19);

- Plaintiffs and Wheble had already entered into a contract to sell the Fintlands' old yacht as a trade in, which was not disclosed in the fake purchase agreement (*Id.* ¶ 21);

- On or about August 2008, the Fintlands misrepresented to Lenders that the Fintlands accepted delivery of the Vessel (*Id.* ¶ 25);

- To satisfy the Lender's documentation requirements, the Fintlands made numerous fraudulent representations to the U.S. Coast Guard (*Id.* ¶¶ 26-30);

- The purpose of the Fintlands' misrepresentations was to obtain financing for purchase of the Vessel (*Id.* ¶ 35);

- When Clayton learned that the Fintlands had ordered the Vessel, he (on behalf of LMG) advised them that it was available for delivery (*Id.* ¶ 38);

- The Fintlands declined to accept the Vessel that they originally bargained for, instead electing to modify the terms of the fake Purchase Agreement and wait for the building of a newer yacht with new hull colors (*Id.* ¶ 39);

- "Months later," Plaintiffs and Wheble advised Clayton that the new yacht had not been delivered (*Id.* ¶ 41);

- Wheble told Clayton that LMG needed more money for its operations, and Plaintiffs and Wheble misrepresented to Clayton that they needed more funding to have Cranchi release the Vessel; as a result, Clayton "personally

O

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4267 AHM (AGRx) | Date | March 1, 2010 |
|---|---|---|---|
| Title | JOHN G. FINTLAND, et al. v. LUXURY MARINE GROUP, LLC, et al. | | |

injected" over $100,000 into LMG (*Id.* ¶¶45-47);

- The Fintlands and Wheble misappropriated Clayton's funds and used them, in part, to pay Lenders for the initial payments on the loan (*Id.* ¶¶ 49-50).

Accepting all of the allegations in the SACC as true, Clayton has failed to state a claim for fraud. The majority of the fraudulent misrepresentations that Clayton alludes to were purportedly made to the U.S. Coast Guard and the Lenders—not to Clayton. (*See, e.g.*, SACC ¶¶ 25-35.) Clayton alleges that the Plaintiffs and Wheble intended to "obtain favorable securitized financing terms for a boat that did not exist yet;" "obtain Funds from Lenders to pay off the Fintlands' Old Yacht"; "take advantage of Lenders' current offer to finance Fintlands'" new yacht; "steal funds that Clayton lent" LMG; avoid California sales tax; consummate a prompt sale of the old yacht; and "encourage Clayton to lend additional funds to be misused" by Plaintiffs and Wheble. (SACC ¶ 42.) He does not allege how the Fintlands stole or misused funds that Clayton lent LMG. The only specific misrepresentations that Clayton alleges Plaintiffs made to him are: (1) providing Clayton with a fake Purchase Agreement; and (2) falsely representing that they needed more funding to have Cranchi release the Vessel, which caused Clayton to invest his own money in LMG. Even assuming that these allegations are sufficient to support a claim for fraud, they are not set forth with the requisite particularity. Clayton does not allege the "time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber*, 806 F.2d at 1401. Accordingly, the fraud claim would clearly be subject to dismissal. Consequently, Clayton's motion for leave to amend the fraud claim is DENIED.

Because Clayton's claim for negligence is predicated on the allegations of fraud (*see* SACC ¶ 64-65), leave to amend to state a claim for negligence is also DENIED. Likewise, Clayton has not demonstrated facts that would entitle him to an equitable accounting, and his motion for leave to file a claim for an accounting is DENIED.

Clayton's proposed claim for declaratory judgment is nearly identical to his claim for declaratory judgment in the FACC. It seeks a declaration that the Plaintiffs' "hollow allegations of alter-ego and fraud" in their FAC are untrue. Because the Court already struck this claim and the allegations supporting it pursuant to the anti-SLAPP statute,

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4267 AHM (AGRx) | Date | March 1, 2010 |
|---|---|---|---|
| Title | JOHN G. FINTLAND, et al. v. LUXURY MARINE GROUP, LLC, et al. | | |

Clayton's motion for leave to amend this claim is DENIED with prejudice. *See Slauson Partnership v. Ochoa*, 112 Cal. App. 4th 1005, 1021 (2003) ("The SLAPP statute itself made no provision for permitting amendments, and as a policy matter, permitting amendments once the initial prima facie showing has been made would undermine the statute.").

## III.  CONCLUSION

For the foregoing reasons, the Court DENIES Clayton's Motion for Leave to File the Second Amended Counterclaim he lodged with the Court.

:

Initials of  Preparer          SMO